IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEAN COULTER,

    Plaintiff,                              16cv0125
                                                **ELECTRONICALLY FILED**
        v.

PAUL LAURENCE DUNBARD
COMMUNITY CENTER ET AL,

    Defendants.

**MEMORANDUM ORDER RE: PLAINTIFF'S MOTION FOR RECUSAL (DOC. NO. 25) AND PLAINTIFF'S MOTION FOR STAY OF PROCEEDINGS (DOC. NO. 26)**

Plaintiff Jean Coulter initiated this lawsuit on February 1, 2016, alleging that Defendants (1) breached a contract or an implied contract to repay a $50,000.00 loan Plaintiff made to Defendant Paul Laurence Dunbar Community Center in July 2013; (2) were negligent in the management of the Paul Laurence Dunbar Community Center; and (3) engaged in fraud and a civil conspiracy in the failure to repay the loan to Plaintiff. Doc. No. 1. On February 29, 2016, Defendant Paul Laurence Dunbar Community Center made an offer of judgment to Plaintiff in the amount of $59,000.00 inclusive of interest, if any, plus costs accrued to the date of the offer. Doc. No. 2.

This case was originally assigned to Magistrate Judge Lenihan, who entered an order recusing herself under 28 U.S.C. § 455 on March 2, 2016. Doc. No. 4. The case was then randomly assigned to the undersigned District Judge. *See* Docket Entry on March 2, 2016. The Court scheduled an Initial Case Management Conference and ordered Defendants to respond to the Complaint by March 17, 2016. Doc. No. 8. Defendants filed a Motion to Dismiss on March 3, 2016, (doc. no. 10), and the Court accordingly vacated the order setting the Initial Case

Management Conference and indicated that it would reschedule the conference after the Court rules upon Defendants' Motion to Dismiss (doc. no. 13).

To manage the Court's caseload and ensure that this case moves along efficiently, the Court set March 14, 2016 as the deadline for Plaintiff to respond to Defendants' Motion (doc. no. 14), and also ordered the Plaintiff to register for the District Court's Electronic Case Files (ECF) system (doc. no. 15). Defendants then filed a second Motion to Dismiss (doc. no. 17) and the Court set Plaintiff's response deadline for March 21, 2016 (doc. no. 18).

On March 15, 2016, Plaintiff filed a Motion for Extension of Time to respond to Defendants' Motions to Dismiss (doc. no. 20) and the Court set a new deadline of March 25, 2016 for Plaintiff to respond to both Motions. Doc. No. 22.[1] On March 21, 2016, Plaintiff filed another Motion for Extension of Time to file her Response which was denied by the Court. Doc. Nos. 23 and 24.

Plaintiff then filed a Motion for Recusal (doc. no. 25) and Motion for Stay of Proceedings (doc. no. 26) which are the subject of this Memorandum Order. For the reasons set forth below, these Motions will be denied.

**A. Plaintiff's Motion for Recusal**

The basis of Plaintiff's Motion for Recusal of the undersigned District Judge appears to be that (1) the Court has imposed a "fast-tracked" schedule[2] for her to respond to Defendants' Motions to Dismiss; (2) the Court has denied her requests for Discovery as premature (*see* doc.

---

[1] Plaintiff also resisted registering for the Court's ECF system as ordered, (*see* doc. no. 19), however, the Court found that Plaintiff does not have good cause for failing to register for ECF and again ordered Plaintiff to register for ECF by March 25, 2016 - - as many *pro se* litigants are so ordered in this District. Doc. No. 22.

[2] Coulter objects to the Court's efficient management of this case despite noting that the case initially "sat for a month" prior to the undersigned District Judge being assigned. Doc. No. 25, ¶ 9. Coulter accuses the Court of issuing "highly prejudicial Orders within hours after the new assignment." *Id.* The assignment was made March 2, 2016. On March 3, 2016, the Court entered orders scheduling an Initial Case Management Conference and setting a deadline for Defendants' Answer to the Complaint (doc. no. 8) and an order designating the case for placement into the District Court's Alternative Dispute Resolution program (doc. no. 9) as all civil cases in this District have been since June 1, 2006. *See* LCvR 16.2.

no. 22 denying Coulter's request for discovery, styled as a Motion for Special Relief at doc. no. 21); and (3) the Court has required Coulter to register for the ECF system. Doc. No. 25. Plaintiff also accuses the Court of bias "against Pro Se Litigants in general," or "perhaps . . . in favor of the Defendants in this matter, either personally or as members of a favored group (perhaps Board Members of Non-Profits (?)[.]" Doc. No. 25, p. 5.

Plaintiff's accusations of bias are wholly without factual support and her dissatisfaction with the Court's scheduling and management of this lawsuit is not a proper basis for recusal. Recusal is not required for a litigant's "dissatisfaction with District Court rulings." *In re Brown*, 623 Fed. App'x 575, 576 (3d Cir. 2015). Further, a litigant's accusations of bias which are "unsupported, irrational, or highly tenuous speculation" do not require recusal. *Id.*

### B. Plaintiff's Motion to Stay the Proceedings

Plaintiff has moved to stay this lawsuit because she has contacted the Pennsylvania Attorney General regarding Defendants' "questionable expenditures of funds" and she believes, again without any factual support, that the Attorney General "may chose [sic] to enter into this case, in order to protect the resources remaining under the control of Dunbar Community Center." Doc. No. 26. In this Motion, Plaintiff raises the issue of a charitable bequest that is not mentioned in her Complaint or otherwise alleged to have any connection to her claims. *Id.*

Plaintiff has not set forth a sufficient reason to stay these proceedings. In the first paragraph of her motion, Plaintiff again complains of the Court's "fast-tracked schedule." *Id.* If the Plaintiff has found that she is not prepared to proceed with the case that she initiated on February 1, 2016 - - nearly two months ago - - then she may avail herself of Federal Rule of Civil Procedure 41, which allows a Plaintiff to voluntarily dismiss an action without prejudice

prior to an answer or motion for summary judgment being filed by the Defendants. She may then re-file her action when she is better prepared to litigate her claims.

Otherwise, the Court will manage this case - - as it manages all others - - in accordance with Federal Rule of Civil Procedure 1, which encourages the "just, speedy, and inexpensive determination of every action and proceeding."

Plaintiff's Motion for Recusal is DENIED. Plaintiff's Motion to Stay the Proceedings is DENIED.

SO ORDERED this 25th day of March, 2016

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge