IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEAN COULTER,

      Plaintiff,                    16cv0125
                                       **ELECTRONICALLY FILED**

      v.

PAUL LAURENCE DUNBAR
COMMUNITY CENTER ET AL,

      Defendants.

**MEMORANDUM OPINION RE: DEFENDANTS' MOTIONS TO DISMISS
(DOC. NOS. 32 AND 34) AND PLAINTIFF'S RENEWED MOTION FOR RECUSAL
AND STAY TO PERMIT DISCOVERY (DOC. NO. 35)**

*Pro se* Plaintiff Jean Coulter initiated this action by filing a Complaint against the Defendants on February 1, 2016. Doc. No. 1. After Defendants filed Motions to Dismiss (doc. nos. 10 and 17), Plaintiff filed an Amended Complaint alleging that Defendants (1) breached a contract or an implied contract to repay a $50,000.00 loan Plaintiff made to Defendant Paul Laurence Dunbar Community Center ("Dunbar" or the "Dunbar Center") in July 2013; (2) were negligent in the management of the Dunbar Center; and (3) engaged in fraud and a civil conspiracy in the failure to repay the loan to Plaintiff. Doc. No. 29. Defendant Dunbar entered a Notice of Offer of Judgment in the amount of "$59,000.00 inclusive of interest, if any, plus costs accrued to the date of th[e] offer" on February 29, 2016 - - more than the full amount of the loan at issue as stated in the Amended Complaint. Doc. No. 2.

This case was originally assigned to Magistrate Judge Lenihan, who entered an order recusing herself under 28 U.S.C. § 455 on March 2, 2016. Doc. No. 4. The case was then randomly assigned to the undersigned District Judge. *See* Docket Entry on March 2, 2016.

Plaintiff filed Motions for Recusal[1] and to Stay the Proceedings[2] (doc. nos. 25 and 26) which were denied by the Court. Doc. No. 27.

Defendants filed renewed Motions to Dismiss Plaintiff's Amended Complaint. Doc. Nos. 32 and 34. Instead of filing her Response to these Motions, Plaintiff filed a Renewed Motion for Recusal and Renewed Motion for Stay to Permit Discovery.[3] Doc. No. 35. The Court denied Plaintiff's Motion for an extension of time to file her Response to the Motions to Dismiss (doc. no. 37) as Plaintiff did not set forth an adequate reason to show she was unable to respond within the time set by the Court. Doc. No. 39.

Pending before the Court are Defendants' Motions to Dismiss (doc. nos. 32 and 34) and Plaintiff's Renewed Motions for Recusal and to Stay the proceedings to permit discovery (doc. no. 35). For the reasons set forth below, Defendants' Motions to Dismiss will be GRANTED. Because the Court's jurisdiction rests on diversity under 28 U.S.C. § 1332 and Plaintiff's only remaining claim will not meet the amount in controversy requirement, Plaintiff's Amended Complaint will be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction and her Motions for Recusal and Stay will be DENIED AS MOOT.

---

[1] Plaintiff requested that the undersigned District Judge recuse himself because of what she considers the "fast-tracking" of her case by the Court's entry of routine scheduling orders and because the Court denied Plaintiff's request to conduct discovery as premature at the this stage of the proceedings (doc. no. 22). Doc. No. 25

[2] Plaintiff requested a stay because she contacted the Pennsylvania Attorney General to raise her concerns about the Dunbar Center's "questionable expenditures of funds" and believed, without any factual support, that the Attorney General may wish to join her lawsuit. Doc. No. 26.

[3] Plaintiff has repeatedly requested that the Court stay the case to permit her to engage in discovery so she may "'defend' against Defendants' claims that they have not been provided with sufficient facts or enough specificity to respond to the Complaint[.]" Doc. No. 35 p. 6. Delaying the case to allow such discovery at this stage of litigation would turn the pleading burden on its head - - plaintiffs are burdened with setting forth sufficient facts in their complaints to set forth plausible claims. The doors to discovery are not opened upon the filing of a complaint to allow a plaintiff to engage in a fishing expedition to discover facts to defend against a motion to dismiss. *Cf. Johnson v. New York Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y 2002) (stay of discovery is appropriate when dispositive motions are pending.)

I. **Legal Standards**

A. *Motions to Dismiss*

Under Federal Rule of Civil Procedure 12(b)(6), a Complaint must be dismissed for "failure to state a claim upon which relief can be granted." Detailed factual pleading is not required – Rule 8(a)(2) calls for a "short and plain statement of the claim showing that the pleader is entitled to relief" – but a Complaint must set forth sufficient factual allegations that, taken as true, set forth a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Complaints must be construed so "as to do substantial justice." Fed. R. Civ. P. 8(f), and *pro se* complaints should be construed liberally. *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004).

The plausibility standard does not require a showing of probability that a claim has merit, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), but it does require that a pleading show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Determining the plausibility of an alleged claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

A claim is plausible when the plaintiff alleges facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 555. The United States Court of Appeals for the Third Circuit instructs that a District Court must undertake three steps to determine whether a complaint sets forth a plausible claim for relief:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013); *see also Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

When reviewing a motion to dismiss for failure to state a claim, the Court must view all of the allegations and facts in the complaint in the light most favorable to the plaintiff, and must grant the plaintiff the benefit of all reasonable inferences that can be derived therefrom. *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (quoting *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005)). However, the Court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. See *Reuben v. U.S. Airways, Inc.*, 500 F. App'x 103, 104 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

The Court may not dismiss a complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, the Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a motion to dismiss. *Fowler,* 578 F.3d at 212. A motion to dismiss should be granted if a party fails to allege facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

*B. Subject-Matter Jurisdiction*

Rule 12(h)(3) commands "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). If a case is based upon diversity of citizenship of the parties, an amount in controversy exceeding $75,000, exclusive of interest and costs, is required. 28 U.S.C. § 1332. The party asserting jurisdiction, in this case the Plaintiff, bears the burden of showing at all stages of the litigation that the case is properly before the federal court. *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). If it appears to a legal certainty that the plaintiff is not entitled to recover the minimum amount set by Congress to establish diversity jurisdiction in a federal court ($75,000), the case must be dismissed. *Frederico v. Home Depot*, 507 F.3d 188 (3d Cir. 2007). Determination of the amount in controversy for purposes of federal jurisdiction is decided under federal standards, but district courts must look to state law to determine the nature and extent of the right to be enforced. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348 (1961).

**II. Analysis**

*A. Named Defendants Unrelated to Any Allegation in the Complaint*

As an initial matter, Plaintiff fails to plead any facts to link the following named Defendants to any allegation stated in the Amended Complaint and, accordingly, all claims against these Defendants will be dismissed:

- John L. Wise, III: identified only as the "Butler Eagle VP" and a Pennsylvania resident;
- Douglas Frost: identified only as a Pennsylvania resident;
- Leeann Meals: identified only as a Pennsylvania resident;
- Robert Pater: identified only as a Pennsylvania resident;
- Clarice Shay: identified only as a Pennsylvania resident;

- Eric Weimer: identified only as a Pennsylvania resident;
- Louise Bauldauf: identified only as a Pennsylvania resident;
- Min Offstein: identified only as a Pennsylvania resident;
- Joyce Klara: identified only as a Pennsylvania resident;
- Unknown Board Member Employed by Butler Area School District; and
- Unknown Board Member.

Doc. No. 29 ¶¶ a.7-14; a.17; a.19-21.

Other than naming these individuals in her Complaint and making the blanket conclusory statement that "[e]ach and every one of the Defendants is believed to be responsible for each and every one of the [c]laims presented in this [c]ivil [a]ction[,]" Plaintiff fails to allege any specific facts regarding any of the above-listed Defendants. Doc. No. 29 p.8. Conclusory statements are not to be presumed truthful by the Court when considering the sufficiency of a complaint on a motion to dismiss. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789-90 (3d Cir. 2016).

"[T]he clearest indication that an allegation is conclusory and unworthy of weight in analyzing the sufficiency of a complaint is that it embodies a legal point." *Id.* at 790. Plaintiff's blanket assertion that each of the named Defendants is "responsible for" each of the claims she lists in her Complaint is a legal conclusion and therefore is not entitled to be taken as true. Accordingly, Plaintiff has failed to set forth any claims upon which relief may be granted against the above-listed Defendants and the Court will GRANT the Motion to Dismiss all claims against them.

### B. Breach of Contract/Breach of Implied Contract

Defendant Dunbar Center concedes that Plaintiff has stated a claim for breach of contract regarding a $50,000 loan Coulter made to the Dunbar Center in July 2013. *See* Doc. No. 32 (" . .

. except for the claim for $50,000 plus interest (which interest claim is disputed) made against [the Dunbar Center], the Claims made in the Amended Complaint should be dismissed[.]"). The remaining Defendants, however, argue that the claim for breach of contract and/or breach of implied contract should dismissed as stated against them. The Court agrees.

The facts alleged in the Amended Complaint, which incorporate Doc. No. 1-1 - - a document Plaintiff alleges is a copy of the loan agreement she sent to the Dunbar Center - - make clear that the Plaintiff loaned $50,000, interest free, to the Dunbar Center in or around July 2013 with repayment to begin, at the latest, in January 2014. The facts alleged by the Plaintiff do not set forth any plausible basis for holding any of the remaining defendants liable for the repayment of the loan agreement. Accordingly, the Defendants' Motions will be GRANTED and this claim will be dismissed as against all Defendants except for the Dunbar Center.

*C. Gross Negligence/Gross Mismanagement*

In her Amended Complaint, Plaintiff sets forth broad allegations that the Dunbar Center was mismanaged by Defendants because, *inter alia*, (1) Defendants renovated the property to remove mold which Plaintiff does not believe to have been present, (doc. no. 29 pp. 19-20); (2) that Defendants spent money on a 2013 Christmas Party that Plaintiff believes was "**much** much more opulent" than previous events at the Dunbar Center (doc. no. 29 pp. 17-18) (emphasis in original); (3) that the Dunbar Center provided certain staff members with credit cards (doc. no. 29 p. 20); (4) that the Dunbar Center failed to properly adhere to the requirements of a Food Grant program by utilizing "snack foods" donated by Sam's Club and not properly accounting for the donations to the Food Grant program (doc. no. 29 p. 21); and (5) that Plaintiff was not given access to Dunbar's Board Members (doc. no. 29 pp. 18-19).

Even assuming all of these factual allegations to be true, as the Court must on a Motion to Dismiss, Plaintiff has failed to set forth any allegations that show that she has standing to bring claims of negligent mismanagement of the Dunbar Center against any of the Defendants. Standing "is a threshold jurisdictional requirement, derived from the 'case or controversy' language of Article III of the Constitution." *Pub. Interest Research Grp. of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 117 (3d Cir. 1997).

To establish standing, a plaintiff must establish that (1) she suffered an injury in fact which is (a) concrete and particularized, and (b) actual or imminent and not conjectural or hypothetical; (2) there is a causal connection between the injury and the conduct complained of that is reasonably traceable to the defendant; and (3) that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992).

Plaintiff has failed to show how any of the allegations of mismanagement of the Dunbar Center resulted in an injury to herself - - other than speculation that the Dunbar Center failed to repay the loan to Plaintiff because of this alleged mismanagement. However, as Defendants correctly argue, any alleged tort claim arising out of an alleged breach of contract is precluded by the "gist of the action" doctrine. Doc. No. 33, FN4. *See also eToll, Inc. v. Alias/Savion Advertising, Inc.*, 811 A.2d 10 (Pa. Super. Ct. 2002). The "gist of the action doctrine" prohibits plaintiffs from re-casting ordinary breach of contract claims into tort claims. 811 A.2d at 14.

Accordingly, Plaintiff has failed to set forth an actionable claim for mismanagement of the Dunbar Center and Defendants' Motions to Dismiss will be GRANTED as to this claim.

### D. *Fraud and Civil Conspiracy*

Federal Rule of Civil Procedure 9 requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Under

Pennsylvania law, a plaintiff alleging fraud must prove the following elements (1) a misrepresentation; (2) a fraudulent utterance of the misrepresentation; (3) the maker's intent that the recipient be induced by the misrepresentation to act; (4) the recipient's justifiable reliance on the misrepresentation; and (5) damage to the recipient proximately caused. *Sevin v. Kelshaw*, 611 A.2d 1232 (Pa. Super. Ct. 1992).

Again assuming the facts alleged in Plaintiff's Amended Complaint to be true, the Plaintiff has not set forth a fraud claim with particularity. The entirety of the allegations stated in her Complaint related to her fraud and civil conspiracy claims are from conversations and/or events occurring after she entered into the loan agreement with the Dunbar Center - - precluding any argument that those conversations alleged in the complaint set forth adequate allegations of a misrepresentation which could have induced Plaintiff into making the loan to the Dunbar Center.

A civil conspiracy may not exist without an underlying tort claim. *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 405-407 (3d Cir. 2000) (holding that a civil conspiracy claim is not independently actionable but rather establishes vicarious liability for the underlying tort). Because the Plaintiff has not set forth any actionable tort claims, she therefore has not set forth a claim for civil conspiracy. Accordingly, Defendants' Motions to dismiss Plaintiff's fraud and civil conspiracy claims will be GRANTED.

### E. Subject-Matter Jurisdiction and Amount in Controversy Requirement

Plaintiff has set forth a single cognizable claim in her Amended Complaint - - for breach of a contract against the Dunbar Center for alleged failure to repay a $50,000 loan. The damages available for such a claim under Pennsylvania law are limited to those that will "return the parties to the position they would have been in but for the breach." *Johnson v. State Farm Life Ins. Co.*, 695 F. Supp. 2d 201, 212 (W.D. Pa. 2010) (quoting *Birth Center v. St. Paul Companies,*

*Inc.*, 787 A.2d 376, 385 (Pa. 2001). In some circumstances, a plaintiff may recover for emotional distress for breach of contract, but only where the breach caused bodily harm or the breach was likely to result in serious emotional disturbance. *Id.* at 213. Punitive damages are similarly not recoverable in a typical breach of contract action. *DiGregorio v. Keystone Health Plan East*, 840 A.2d 361 (Pa. Super Ct. 2003).

The alleged breach of the agreement to repay the $50,000 loan to the Dunbar Center was not the type of breach that would likely result in serious emotional disturbance. Although Plaintiff has claimed damages in the amount of $250,000 including punitive damages, the actual amount in controversy in this action falls below the required $75,000 threshold set by Congress and this Court is without jurisdiction to hear this case. Accordingly, Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

***

### III. Conclusion

For the reasons set forth, Defendants' Motions to Dismiss Plaintiff's Amended Complaint (doc. nos. 32 and 34) are GRANTED.[4] Because Plaintiff's only remaining claim does not meet the amount in controversy requirement pursuant to 28 U.S.C. § 1332 to confer jurisdiction in the district court, Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE.[5] Plaintiff's Renewed Motion for Recusal and Renewed Motion for Stay to Permit Discovery (doc. no. 35) are DENIED AS MOOT. A separate Order shall follow and this case shall be marked CLOSED.

s/Arthur J. Schwab<br>
Arthur J. Schwab<br>
United States District Judge

cc: All Registered ECF Users

     Jean Coulter
     3000 Chestnut Street
     P.O. Box 8094
     Philadelphia, PA 19101

---

[4] Typically, the Court allows a plaintiff to amend deficient pleadings unless doing so would be futile. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (" . . . a district court may exercise its discretion and deny leave to amend on the basis of . . . futility." However, Plaintiff has already amended her pleadings once and the legal insufficiency of the claims dismissed here leave no doubt that Plaintiff would not be able to cure her deficiencies regarding standing to assert a mismanagement claim, to overcome the "gist of the action doctrine," or to set forth an adequate claim for fraud and civil conspiracy. The Court will deny Plaintiff leave to amend her pleadings a second time.

[5] Nothing in this Memorandum Opinion precludes Plaintiff from filing her breach of contract claim against Defendants in a court with jurisdiction.