IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEAN COULTER,

        Plaintiff,                             16cv0125
                                                **ELECTRONICALLY FILED**

        v.

PAUL LAURENCE DUNBAR
COMMUNITY CENTER ET AL,

        Defendants.

**MEMORANDUM OPINION AND ORDER RE:
PLAINTIFF'S MOTION TO AMEND THE FINDINGS PURSUANT TO RULE 59 AND
RULE 52 AND RENEWED MOTION FOR RECUSAL (DOC. NO. 45)**

As detailed hereafter, Plaintiff Jean Coulter is a sophisticated, serial litigator who has filed motions for recusal in at least eleven (11) of fourteen (14) other cases filed in federal courts. *See infra* § III.A.  She has previously been formally designated as a vexatious litigant for her duplicative, meritless filings.  12cv1050, Doc. No. 33.  Instead of re-filing her breach of contract claim in a state court of competent jurisdiction, or appealing this Court's rulings with which she disagrees to the United States Court of Appeals for the Third Circuit - - as she has capably done in at least eleven (11) prior cases - - thereby affording the Court of Appeals an opportunity to affirm or correct the decisions of this Court, Plaintiff has now filed a third Motion for Recusal and a Motion for Reconsideration under Federal Rules of Civil Procedure 59 and 52.  Doc. No. 45.

      **I.**        **Procedural History**

Plaintiff filed this action against Defendants on February 1, 2016, and in an Amended Complaint alleged: (1) a breach of contract or implied contract to repay a $50,000.00 loan

Plaintiff made to the Paul Laurence Dunbar Community Center ("Dunbar" or the "Dunbar Center") in July 2013;[1] (2) that Defendants were negligent in the management of the Dunbar Center; and (3) that Defendants engaged in fraud and a civil conspiracy in the failure to repay the loan to Plaintiff. Doc. No. 29.

On April 15, 2016, the Court issued a Memorandum Opinion and Order granting Defendant's Motions to Dismiss Plaintiff's Amended Complaint as to all claims except for the breach of contract claim against the Dunbar Center for failure to repay the $50,000.00 loan, and dismissing the case without prejudice under Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction as Plaintiff's only remaining claim for breach of contract does not satisfy the $75,000.00 amount in controversy requirement prescribed in 28 U.S.C. § 1332, thereby enabling Plaintiff to file her state-law breach of contract claim in state court. Doc. No. 43.

To date, as stated above, Plaintiff has not appealed the Memorandum Opinion and Order dismissing her case. Instead of appealing the decision to the Court of Appeals so that it may review the decision of this Court, Plaintiff has filed a third Motion for Recusal and a Motion for Reconsideration styled as a Motion to Amend the Findings under Federal Rules of Civil Procedure 59 and 52[2]. Doc. No. 45. Plaintiff does not complain of any extrajudicial action taken by the Court, and the Court has not taken any action that cannot be evaluated or remedied by the appellate process.

For the reasons that follow, the Court will DENY Plaintiff's Motions for Recusal and Reconsideration, and this case shall remain CLOSED.

---

[1] Although Defendant Dunbar Center made an Offer of Judgment for $59,000 to encompass full repayment of the loan plus alleged and disputed interest on February 29, 2016, Plaintiff did not accept.

[2] The Court notes that Fed. R. Civ. P. 52 is inapplicable here as Plaintiff's case was dismissed under Fed. R. Civ. P. 12, which is specifically exempted from Rule 52's requirement that specific facts and conclusions of law be set forth by the Court in actions tried without a jury or with an advisory jury. Fed. R. Civ. P. 52(a)(3).

## II. Legal Standards

### A. *Motions for Recusal*

Title 28 U.S.C. § 455 sets forth the circumstances under which a judge of the United States shall recuse himself from a proceeding. The primary inquiry on a motion for recusal is whether the judge's impartiality might be questioned from the perspective of a "reasonable observer who is informed of all the surrounding facts and circumstances." *Cheney v. United States District Court for the District of Columbia*, 541 U.S. 913, 924 (2004). Recusal is rarely justified based upon rulings made by the Court. *Liteky v. United States*, 510 U.S. 540, 554 (1994).

> In and of themselves (*i.e.,* apart from surrounding comments or accompanying opinion), [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.

*Id.* at 555.

Recusal is not required for a litigant's "dissatisfaction with District Court rulings." *In re Brown*, 623 Fed. App'x 575, 576 (3d Cir. 2015). Further, a litigant's accusations of bias which are "unsupported, irrational, or highly tenuous speculation" do not require recusal. *Id.*

### B. *Motions for Reconsideration*

A motion for reconsideration must rely on either: (1) intervening change in controlling law; (2) availability of new evidence that was not available when the Court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 678 (3d Cir. 1999)). Reconsideration motions may not be used to relitigate old matters or to present arguments or evidence that could have been raised prior to the entry of judgment.

Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 2810.1.

### III. Analysis

#### A. *Plaintiff Sets Forth No Basis for Recusal*

Plaintiff's principle argument in her pending Motion for Recusal - - the third such motion she has filed in this case - - is that the Court acts improperly during Presidential election cycles, stating "[t]he Court has an extensive record of highly biased determinations--which occur in a timeframe which shows a connection between the Court's apparently irrational actions with the Presidential Election Cycle--in 2004, 2008, 2012, and now in 2016." Doc. No. 45, p. 3. Plaintiff's prior motions for recusal were for: (1) the alleged "fast-tracking" of her case by the Court's entry of routine scheduling orders and unwillingness to allow the Plaintiff to delay the case without good cause; and (2) for the denial of Plaintiff's request to conduct discovery, prior to the resolution of pending dispositive motions. *See* Doc. Nos. 25, 26, and 27.

Plaintiff has filed numerous cases[3] in this District Court and has also filed cases in the Middle District of Pennsylvania and District of Massachusetts, multiple appeals to the United States Court of Appeals for the Third Circuit, an appeal to the United States Court of Appeals for the First Circuit, and at least two petitions for *certiorari* to the United States Supreme Court, Nos. 13-3607 (*denied*) and 14-1316 (*denied*):

- *Coulter v. Forrest et al*, 10cv965-JFC-RCM (W.D. Pa.). Petition for habeas corpus alleging that trial court altered terms of her probation without finding a violation and accusing sentencing judge of "extreme bias" denied. Certificate of appealability denied by the Court of Appeals. C.A. No. 11-4564 (3d Cir.).

- *Coulter v. Ramsden et al*, 12cv978-CB-RCM (W.D. Pa.). Complaint alleged constitutional violations against attorneys who represented Plaintiff in termination of parental rights case and "extremely biased Judge" who presided. Dismissed for

---
[3] The Court performed a search on the CM-ECF system of the Western District of Pennsylvania and www.pacer.gov using Plaintiff's name and address of record to locate other cases filed by Plaintiff.

lack of jurisdiction and affirmed by the Court of Appeals. C.A. No. 12-3685 (3d Cir.)

- *Coulter v. Ramsden et al*, 12cv1050-CB-RCM (W.D. Pa.). Complaint alleged constitutional violations against the attorneys who represented Plaintiff and the Butler County Children and Youth Services and its attorneys related to the termination of her parental rights case. Dismissed as duplicative and resulted in an order designating Plaintiff as a vexatious litigant. 12cv1050, Doc. No. 33. Affirmed by the Court of Appeals. C.A. No. 13-1077 (3d Cir.).

- *Coulter v. Mahood et al*, 12cv1241-CB-RCM (W.D. Pa.). Complaint alleged constitutional violations against other attorneys who represented Plaintiff and the Butler County Children and Youth Services and its attorneys, and Pennsylvania state court trial Judge Doerr related to the termination of her parental rights case. Dismissed as duplicative and affirmed by the Court of Appeals. C.A. No. 13-1078 (3d Cir.).

- *Coulter v. Gale et al*, 12cv1461-CB-RCM (W.D. Pa.). Complaint alleged constitutional violations against attorneys who represented her in child custody and visitation proceedings and Judge Doerr, who presided. Dismissed without prejudice and affirmed by the Court of Appeals. C.A. No. 13-1079 (3d Cir.).

- *Coulter v. Doerr*, 11cv1201-CB-RCM (W.D. Pa.). Complaint alleged constitutional violations against Judge Doerr, who presided over her termination of parental rights case. Dismissed and affirmed by the Court of Appeals. C.A. No. 12-1864 (3d Cir.).

- *Coulter v. Allegheny County Bar Assoc., et al*, 12cv641-GLL-RCM (W.D. Pa.). Complaint against the county bar association and attorneys who had previously represented Plaintiff regarding a fee arbitration decision. Dismissed and affirmed by the Court of Appeals. C.A. 12-2988 (3d Cir.).

- *Coulter v. Studeny et al*, 12cv60-CB-RCM (W.D. Pa.). Complaint alleged constitutional violations against the Butler County District Attorney and Probation office regarding Plaintiff's criminal sentence and conditions of probation. Dismissed and affirmed by the Court of Appeals. C.A. 12-4464 (3d Cir.).

- *Coulter v. Butler County CYS, et al*, 12cv338-CB-RCM (W.D. Pa.). Another case related to the termination of Plaintiff's parental rights. Dismissed and affirmed by the Court of Appeals. C.A. 12-3931 (3d Cir.).

- *Coulter v. Lindsay et al*, 15cv289-CB (W.D. Pa.). Complaint alleged a conspiracy between Plaintiff's attorneys, the Butler County District Attorney, and a Butler County judge to ensure Plaintiff was convicted of a child abuse crime. Dismissed and affirmed by the Court of Appeals. C.A. 15-2144 (3d Cir.).

- *Coulter v. Paulisick et al*, 15cv937-JFC (W. D. Pa.). Complaint alleged fraud, conspiracy, negligence, and breach of contract related to a fallen tree limb from a neighbor's property that allegedly caused damage to Plaintiff's property. Court stayed the case pending the outcome of a dispute over whether or not Plaintiff owned the allegedly damaged property.

- *Coulter v. Coulter*, 15cv967-CB (W.D. Pa.). Action regarding ownership of certain property. Dismissed for lack of diversity jurisdiction with Court finding that Plaintiff was not domiciled in New Jersey. (Plaintiff has filed a similar Motion for Recusal and Reconsideration in this case accusing the District Court Judge of showing a "history of willingness to become involved with crimes being committed against Pro Se Plaintiff, whenever the "actor" is a Member of the Bar." 15cv967, Doc. No. 10.)

- *Coulter v. Forrest et al*, 12cv2050-JEJ (M.D. Pa.). Complaint alleged constitutional violations against Plaintiff's probation officer related to the condition of her probation that she have no contact with her child. Dismissed and affirmed by the Court of Appeals. C.A. 14-1556 (3d Cir.).

- *Coulter v. Jamsan Hotel Management, Inc., et al*, 15cv13355-RGS (D. Mass.). Action against several hotel chain entities and Lexington, Massachusetts police officers regarding Plaintiff's ejection from a hotel. Dismissed for lack of diversity jurisdiction due to the amount in controversy requirement and for failure to state a claim under Rule 12(b)(6). Plaintiff's appeal to the United States Court of Appeals for the First Circuit is pending. C.A. 16-1333 (1st Cir.).

Plaintiff's repeated motions for recusal in the instant case are consistent with her established *modus operandi* in seeking recusal of any judge who enters orders unfavorable to her. In eleven (11) of the fourteen (14) actions cited above, Plaintiff has filed motions for recusal. *See* 12cv978, Doc. No. 5 ("Motion for Removal of Magistrate Judge Mitchell for Extreme Bias" following the entry of a Report and Recommendation that her case be dismissed.); 12cv1050, Doc. No. 11 (complaining that the Magistrate Judge "sat" on Plaintiff's case and delayed it, which established his bias against her, and requesting that all of her cases be transferred to the Middle District of Pennsylvania.)[4]; 12cv1241, Doc. No. 15; 12cv1461, Doc.

---
[4] *Cf.* Doc. No. 22 in the instant action in which Plaintiff's chief allegation that the Court is biased against her is that the Court entered orders which moved her case *too* quickly.

No. 6; 12cv641, Doc. Nos. 3 and 6; 12cv60, Doc. Nos. 24 and 41; 12cv338, Doc. No. 27; 15cv289, Doc. No. 7; 15cv967, Doc. No. 10; 15cv13355, Doc. No. 25; 12cv2050, Doc. No. 17 (although Plaintiff had previously requested that all of her cases be transferred to the Middle District of Pennsylvania to avoid the bias of the Western District of Pennsylvania, she moved for recusal of the Middle District Judge for "extreme bias.").

Plaintiff has displayed scorn for the federal and state judiciary at every turn. In fact, in one of her filings in the instant action, she cited the "biased" state court judges as the reason she sought to file these state-law claims in federal court and then accused this Court - - with no supporting evidence - - of colluding with Defendants to ensure her case would have to be filed in state court. Doc. No. 35, p. 6 (complaining of the "Court's apparent attempts at removing the case to the State Courts where Defendants can exercise their personal (or business's) influence with the local judges.").

Plaintiff's unfounded mistrust of the judiciary cannot be a basis for recusal. She now makes the wholly unsupported claim that the presidential election cycle has somehow caused this Court to favor Defendants in this case, but can point to no extrajudicial action by the Court which would support her argument. Accordingly, Plaintiff's third Motion for Recusal is DENIED.

### B. *Plaintiff Sets Forth No Basis for Reconsideration*

Plaintiff has not set forth any intervening change in controlling law, nor any new evidence that was unavailable when the Court entered the Order dismissing her case. She does, for the first time in this case, infer that some of the individual Defendants named in her Amended Complaint are members of Dunbar's Board of Directors and alleges that they can be held liable for Dunbar's failure to repay the loan. This allegation that the individual Defendants are Board

members was not made in any of the Plaintiff's prior pleadings. It is inapposite, however, as alleging that the individual Defendants are Board members does not establish their personal liability for the Dunbar Center's repayment of the loan nor does it change the amount in controversy in this case which is insufficient to establish federal court jurisdiction on the basis of diversity. 28 U.S.C. § 1332; Doc. No. 43, pp. 9-10.

Accordingly, Plaintiff's Motion to Amend the Findings pursuant to Rule 59 and Rule 52 is DENIED.

**IV.     Conclusion**

For the reasons set forth above, Plaintiff's Motion to Amend the Findings Pursuant to Rule 59 and Rule 52 and Renewed Motion for Recusal (doc. no. 45) are DENIED. This case shall remain CLOSED.

SO ORDERED, this 19th day of May, 2016,

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge