IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEAN COULTER,

                Plaintiff,                       16cv0125
                                               **ELECTRONICALLY FILED**

                v.

PAUL LAURENCE DUNBAR
COMMUNITY CENTER ET AL,

                Defendants.

**MEMORANDUM ORDER GRANTING
DEFENDANTS' JOINT MOTION TO COMPEL PLAINTIFF TO COMPLY
WITH THE MAY 24, 2017 COURT ORDER (DOC. NO. 63)**

On May 24, 2017, this Court issued an Order setting the Initial Case Management

Conference in this matter for June 21, 2017 at 11:00 AM and directing the Parties to meet and

confer "in person at the office of the counsel for the Defendants" and to submit the required Rule

26(f) report, a proposed case management order, and a stipulation selecting a mandatory

alternative dispute resolution process on or before June 16, 2017, pursuant to Federal Rule of

Civil Procedure 26(f) and the Local Rules of the Western District of Pennsylvania.  Doc. No. 52.

Defendants filed a Joint Motion to Compel Plaintiff to Comply with the May 24, 2017

Court Order (doc. no. 52) and for Sanctions.  Doc. No. 63.  Defendants aver that Counsel for the

Paul Laurence Dunbar Community Center (the "Dunbar Center") sent a letter to Plaintiff and

Counsel for the Linn Law Group Defendants on May 30, 2017, offering to host the "meet and

confer" at his office and providing several available dates for the meeting.  Doc. No. 63-3.

Plaintiff never responded to the letter or otherwise contacted Defense Counsel so that the Parties

could comply with the Court's Order.  Defendants seek an Order to compel Plaintiff to comply with the Order.[1]

Plaintiff responds that she did not receive Defense Counsel's letter.  Doc. No. 67. Plaintiff discusses some problems she had with the United States Postal Service in the past, appending to her response one exhibit showing that two packages were not correctly delivered to her in 2012 and one exhibit showing that her Response to Defendants' Motions to Dismiss, (doc. no. 66) filed June 21, 2017, was apparently delivered to some other location before being correctly delivered to the Court for filing.  Doc. Nos. 67-1 and 67-2.

Plaintiff argues that she "realized that the Case Management Conference was rescheduled" and she "believed that Defendants had an Issue [sic] which required that The Court to [sic] permit additional time to meet."  Doc. No. 67.  She asserts that she "trusted that [Defense] Counsel would appropriately respond to the Order for the Parties to meet - and, [Plaintiff] believed that soon, she would hear from Defendants and a date to meet would be arranged."  *Id.*

Contrary to this argument, although the date of the Initial Case Management Conference was rescheduled to July 11, 2017, by text order at doc. no. 62, it was not done so pursuant to a motion by any Party, and no other deadlines in the case were changed.  *See* 16cv125 Docket Entries.

Plaintiff is a sophisticated litigator who has filed numerous cases[2] in this District Court and has also filed cases in the Middle District of Pennsylvania and District of Massachusetts,

---

[1] Defendants also argue that Plaintiff's failure to comply with the Court's Order should be sanctioned by imposition of attorney fees and costs and/or dismissal.  Doc. No. 64.

[2] The Court performed a search on the CM-ECF system of the Western District of Pennsylvania and www.pacer.gov using Plaintiff's name and address of record to locate other cases filed by Plaintiff.  *See Coulter v. Forrest et al*, 10cv965-JFC-RCM (W.D. Pa.); *Coulter v. Ramsden et al*, 12cv978-CB-RCM (W.D. Pa.); *Coulter v. Ramsden et al*, 12cv1050-CB-RCM (W.D. Pa.); *Coulter v. Mahood et al*, 12cv1241-CB-RCM (W.D. Pa.); *Coulter v. Gale et al*,

multiple appeals to the United States Court of Appeals for the Third Circuit, an appeal to the United States Court of Appeals for the First Circuit, and at least two petitions for *certiorari* to the United States Supreme Court, Nos. 13-3607 (*denied*) and 14-1316 (*denied*).

After such extensive litigation experience in federal courts over the past seven (7) years - - always as plaintiff - - it is not credible that Plaintiff would be unaware of her independent burden to prosecute her case and to timely comply with Orders of Court.  *See Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir. 1984).  A defendant risks default judgment for failure to respond to Court Orders, but the ultimate burden of proof in any civil case falls to the plaintiff - - and it is therefore the plaintiff's responsibility to ensure that pleadings are timely filed.  Here, it is inexcusable for Plaintiff to have assumed that it was Defendants' burden to contact her to ensure compliance with Rule 26(f) and the Court's Order.

To date, the required documents have not been filed, and there is no evidence of record that the required Rule 26(f) "meet and confer" has occurred.  The Initial Case Management Conference is scheduled for July 11, 2017; however, without the required pleadings, it would be a waste of the Court's resources to hold the conference on that date.

Defendants correctly assert that Plaintiff's conduct during this litigation shows a troubling pattern of failure to adhere to Court Orders and to timely file pleadings.  *See* Doc. No. 64, p. 6 (showing that Plaintiff has sought an extension of time to file pleadings past the original due date).  Although well-founded, the Court will deny Defendants' Motion for Sanctions at this

---

12cv1461-CB-RCM (W.D. Pa.); *Coulter v. Doerr*, 11cv1201-CB-RCM (W.D. Pa.); *Coulter v. Allegheny County Bar Assoc., et al*, 12cv641-GLL-RCM (W.D. Pa.); *Coulter v. Studeny et al*, 12cv60-CB-RCM (W.D. Pa.); *Coulter v. Butler County CYS, et al*, 12cv338-CB-RCM (W.D. Pa.); *Coulter v. Lindsay et al*, 15cv289-CB (W.D. Pa.); *Coulter v. Paulisick et al*, 15cv937-JFC (W. D. Pa.); *Coulter v. Coulter*, 15cv967-CB (W.D. Pa.); *Coulter v. Forrest et al*, 12cv2050-JEJ (M.D. Pa.); *Coulter v. Jamsan Hotel Management, Inc., et al*, 15cv13355-RGS (D. Mass.); *Coulter v. Bissoon et al*, 16cv1881-RGA-RCM (W.D. Pa.); *Coulter v. Tatananni et al*, 17cv629-RCM (W.D. Pa.).

time.  Further dilatory or contumacious conduct by Plaintiff may result in the imposition of sanctions, including the dismissal of this case with prejudice.

The Court will grant Defendants' Motion to Compel Plaintiff's Compliance with the May 24, 2017 Order.  Plaintiff shall contact Defense Counsel and shall meet with Defense Counsel at the Burns White Center, 48 26th Street, Pittsburgh, PA 15222, on or before July 19, 2017.  On or before July 21, 2017, following the "meet and confer," Plaintiff shall file the required Rule 26(f) Report, a proposed case management order, and a stipulation selecting an ADR process, in accordance with the Federal Rules of Civil Procedure, the Local Rules, and this Court's May 24, 2017 Order, (doc. no. 52).

The Initial Case Management Conference currently scheduled for July 11, 2017 is hereby rescheduled for August 16, 2017 at 9:00 AM in Courtroom 7C.

SO ORDERED, this 7th day of July, 2017,

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge