IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEAN COULTER,

          Plaintiff,                        16cv0125

                                         **ELECTRONICALLY FILED**

               v.

PAUL LAURENCE DUNBAR
COMMUNITY CENTER ET AL,

          Defendants.


**MEMORANDUM ORDER RE:**
**DEFENDANTS' MOTIONS TO DISMISS (DOC. NO. 57 AND DOC. NO. 59)**

    **I.**        **Introduction and Procedural History**

During this litigation, *pro se* Plaintiff Jean Coulter ("Plaintiff" or "Coulter") has spent

considerable time and effort complaining about the Court's case management practices. *See e.g.*

Doc. No. 25 (Motion for Recusal), Doc. No. 35 (Renewed Motion for Recusal). Instead of

focusing on the well-founded arguments within the Defendants' Motions to Dismiss her

Amended Complaint, (doc. no. 57 and doc. no. 59), Plaintiff spends the first three (3) pages of

her fourteen (14) page response to both Motions complaining that she was not given sufficient

time to respond to Defendants' Motions, despite never seeking an extension of time to file from

the Court. Doc. No. 66, pp. 1-4.

Plaintiff initiated this action by filing a Complaint against Defendants on February 1,

2016. Doc. No. 1. After Defendants filed Motions to Dismiss (doc. nos. 10 and 17), Plaintiff

filed an Amended Complaint alleging that Defendants (1) breached a contract or an implied

contract to repay a $50,000.00 loan Plaintiff made to Defendant Paul Laurence Dunbar

Community Center (the "Dunbar Center") in July 2013; (2) were negligent in the management of the Dunbar Center; (3) fraudulently induced Plaintiff into providing the loan; and (4) engaged in fraud and a civil conspiracy in the failure to repay the loan to Plaintiff. Doc. No. 29 and Doc. No. 50-1 (United States Court of Appeals Opinion finding that a liberal interpretation of Plaintiff's Amended Complaint includes a claim for fraudulent inducement). The Dunbar Center entered a Notice of Offer of Judgment in the amount of "$59,000.00 inclusive of interest, if any, plus costs accrued to the date of th[e] offer" on February 29, 2016 - - more than the full amount of the loan at issue as stated in the Amended Complaint. Doc. No. 2.

On March 29, 2016, Defendants filed a Motion to Dismiss the Amended Complaint, which the Court granted, dismissing Plaintiff's breach of contract claim without prejudice to refile in a court of competent jurisdiction. Doc. No. 43. Plaintiff appealed the dismissal to the United States Court of Appeals for the Third Circuit, which vacated and "remand[ed] for the District Court to consider in the first instance whether [Plaintiff's] claims satisfied the amount in controversy requirement [to establish diversity jurisdiction] as of the filing of her complaint." Doc. No. 50-1. On May 24, 2017, this Court entered a Text Order, finding that diversity jurisdiction was established by the record and ordering Defendants to respond to the Amended Complaint. Doc. No. 51.

Defendants Dunbar Center, Grace Youth and Family Foundation, Catherine Donnelly, Heather D. Dovenspike, William M. Halle, John L. Wise, III, Douglas Frost, Leeann Meals, Robert Pater, Matthew Perotti, Clarice Shay, Eric Weimer, Louise Baldauf, Jennifer Linn, Min Offstein, Lorraine J. Didomenico, and Joyce Klara filed a renewed Motion to Dismiss Plaintiff's Amended Complaint in its entirety, except for the breach of contract claim asserted against the

2

Dunbar Center. Doc. No. 57. Defendant Linn Law Group filed a Motion to Dismiss Plaintiff's Amended Complaint in its entirety. Doc. No. 59.

The Court has carefully considered Plaintiff's Amended Complaint, doc. no. 29, the Defendants' Motions, doc. nos. 57 and 59, Defendants' briefs in support, doc. nos. 58 and 60, and Plaintiff's response, doc. no. 61. The Court has also considered the issues raised by the Court of Appeals specifically concerning Plaintiff's fraudulent inducement claim. Doc. No. 51. For the reasons that follow, the Court will GRANT both Motions to Dismiss the Amended Complaint and the case will proceed on Plaintiff's remaining claim for breach of contract against the Dunbar Center.

## II. Legal Standards

Under Federal Rule of Civil Procedure 12(b)(6), a Complaint must be dismissed for "failure to state a claim upon which relief can be granted." Detailed factual pleading is not required – Rule 8(a)(2) calls for a "short and plain statement of the claim showing that the pleader is entitled to relief" – but a Complaint must set forth sufficient factual allegations that, taken as true, set forth a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Complaints must be construed so "as to do substantial justice." Fed. R. Civ. P. 8(f), and *pro se* complaints should be construed liberally. *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004).

The plausibility standard does not require a showing of probability that a claim has merit, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), but it does require that a pleading show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Determining the plausibility of an alleged claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

A claim is plausible when the plaintiff alleges facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 555. The United States Court of Appeals for the Third Circuit instructs that a District Court must undertake three steps to determine whether a complaint sets forth a plausible claim for relief:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013); *see also Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

When reviewing a motion to dismiss for failure to state a claim, the Court must view all of the allegations and facts in the complaint in the light most favorable to the plaintiff, and must grant the plaintiff the benefit of all reasonable inferences that can be derived therefrom. *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (quoting *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005)). However, the Court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. See *Reuben v. U.S. Airways, Inc.*, 500 F. App'x 103, 104 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

4

The Court may not dismiss a complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, the Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a motion to dismiss. *Fowler,* 578 F.3d at 212. A motion to dismiss should be granted if a party fails to allege facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

### III. Discussion

*A. Named Defendants Unrelated to Any Allegation in the Complaint*

As an initial matter, Plaintiff fails to plead any facts to link the following named Defendants to any allegation stated in the Amended Complaint and, accordingly, all claims against these Defendants will be dismissed:

- John L. Wise, III: identified only as the "Butler Eagle VP" and a Pennsylvania resident;

- Douglas Frost: identified only as a Pennsylvania resident;

- Leeann Meals: identified only as a Pennsylvania resident;

- Robert Pater: identified only as a Pennsylvania resident;

- Clarice Shay: identified only as a Pennsylvania resident;

- Eric Weimer: identified only as a Pennsylvania resident;

- Louise Bauldauf: identified only as a Pennsylvania resident;

- Min Offstein: identified only as a Pennsylvania resident;

- Joyce Klara: identified only as a Pennsylvania resident;

- Unknown Board Member Employed by Butler Area School District; and

- Unknown Board Member.

Doc. No. 29 ¶¶ a.7-14; a.17; a.19-21.

Other than naming these individuals in her Amended Complaint and making the blanket conclusory statement that "[e]ach and every one of the Defendants is believed to be responsible for each and every one of the [c]laims presented in this [c]ivil [a]ction[,]" Plaintiff fails to allege any specific facts regarding any of the above-listed Defendants. Doc. No. 29 p.8. Conclusory statements are not to be presumed truthful by the Court when considering the sufficiency of a complaint on a motion to dismiss. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789-90 (3d Cir. 2016).

"[T]he clearest indication that an allegation is conclusory and unworthy of weight in analyzing the sufficiency of a complaint is that it embodies a legal point." *Id.* at 790. Plaintiff's blanket assertion that each of the named Defendants is "responsible for" each of the claims she lists in her Complaint is a legal conclusion and therefore is not entitled to be taken as true.

Plaintiff appears to recognize that she has not sufficiently set forth any facts implicating any of the above-named Defendants in the Amended Complaint. *See* Doc. No. 66, pp. 11-12. She argues that "[u]ntil Discovery is allowed, <u>all</u> of the Defendants must be required to remain involved in this case – as, until all of the facts are learned, the full extent of the Fraud committed by, and responsibility of, each of the various Defendants will be unknown." *Id.*

Plaintiffs are burdened with setting forth sufficient facts in their complaints to establish plausible claims. The doors to discovery are not opened upon the filing of a complaint to allow a plaintiff to engage in a fishing expedition to discover facts to defend against a motion to dismiss. *Cf. Johnson v. New York Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y 2002) (stay of discovery is appropriate when dispositive motions are pending.) Further, to the extent Plaintiff is

asserting a fraud claim against any of the above-named Defendants, she is required to plead "with particularity the circumstances constituting fraud[.] Fed. R. Civ. P. 9(b). Allowing a plaintiff to merely name an individual (or state that there may be - - but also may not be - - an unnamed individual) and then claiming that more information is needed to determine whether or not that individual is liable to the plaintiff in some way would erase the pleading burden entirely.

Accordingly, Plaintiff has failed to set forth any claims upon which relief may be granted against the above-listed Defendants and the Court will GRANT the Motion to Dismiss all claims against them.

### B. The Linn Law Group

Similarly, Defendant The Linn Law Group, LLC, moves to dismiss Plaintiff's Amended Complaint against it for failure to set forth facts showing that it is liable to Plaintiff for any claim asserted. Doc. No. 59 and Doc. No. 60. Construing Plaintiff's Amended Complaint as liberally as possible in her favor, she only accuses The Linn Law Group of being the location of an allegedly secret meeting of the Dunbar Center's Board of Directors. Doc. No. 29, p. 13. This is simply not sufficient to connect The Linn Law Group to any of the claims asserted by Plaintiff in the Amended Complaint, and the Court will GRANT this Defendant's Motion to Dismiss all claims against it, doc. no. 59.

### C. Breach of Contract/Breach of Implied Contract

Defendant Dunbar Center concedes that Plaintiff has stated a claim for breach of contract regarding a $50,000 loan Coulter made to the Dunbar Center in July 2013. Doc. No. 57 (" . . . except for the claim for $50,000 plus interest (which interest claim is disputed) made against [the Dunbar Center], the Claims made in the Amended Complaint should be dismissed[.]"). The

remaining Defendants, however, argue that the claim for breach of contract and/or breach of implied contract should dismissed as stated against them. The Court agrees.

The facts alleged in the Amended Complaint, which incorporate Doc. No. 1-1 - - a document Plaintiff alleges is a copy of the loan agreement she drafted and sent to the Dunbar Center - - make clear that the Plaintiff loaned $50,000, interest free, to the Dunbar Center in or around July 2013 with repayment to begin, at the latest, in January 2014. The facts alleged by the Plaintiff do not set forth any plausible basis for holding any of the remaining defendants liable for the repayment of the loan agreement. Further, Plaintiff cannot maintain a claim for breach of an implied contract where she has alleged that an express, written agreement exists and is the basis of the claim. Doc. No. 58, p. 4. Accordingly, the Defendants' Motions will be GRANTED and this claim will be dismissed as against all Defendants except for the breach of contract claim against the Dunbar Center.

*D. Gross Negligence/Gross Mismanagement*

In her Amended Complaint, Plaintiff sets forth broad allegations that the Dunbar Center was mismanaged by Defendants because, *inter alia*, (1) Defendants renovated the property to remove mold which Plaintiff does not believe to have been present and to correct other problems Plaintiff does not believe were severe enough to warrant renovations, (doc. no. 29 pp. 19-20); (2) that Defendants spent money on a 2013 Christmas Party that Plaintiff believes was "**much** much more opulent" than previous events at the Dunbar Center (doc. no. 29 pp. 17-18) (emphasis in original); (3) that the Dunbar Center provided certain staff members with credit cards (doc. no. 29 p. 20); (4) that the Dunbar Center failed to properly adhere to the requirements of a Food Grant program by utilizing "snack foods" donated by Sam's Club and not properly accounting for the donations to the Food Grant program (doc. no. 29 p. 21); (5) that Plaintiff was not given

access to the Dunbar Center's Board Members so that she may, *inter alia*, explain to them how the Center was being mismanaged, (doc. no. 29 pp. 18-19); and (6) that Dunbar Center executives and staff continued to be paid during times of financial hardship (doc. no. 29, p. 29).

Even assuming all of these factual allegations to be true, as the Court must on a Motion to Dismiss, Plaintiff has failed to set forth any allegations that show that she has standing to bring claims of negligent mismanagement of the Dunbar Center against any of the Defendants. Standing "is a threshold jurisdictional requirement, derived from the 'case or controversy' language of Article III of the Constitution." *Pub. Interest Research Grp. of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 117 (3d Cir. 1997).

To establish standing, a plaintiff must establish that (1) she suffered an injury in fact which is (a) concrete and particularized, and (b) actual or imminent and not conjectural or hypothetical; (2) there is a causal connection between the injury and the conduct complained of that is reasonably traceable to the defendant; and (3) that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992).

Plaintiff has failed to show how any of the allegations of mismanagement of the Dunbar Center resulted in an injury to herself - - other than speculation that the Dunbar Center failed to repay the loan to Plaintiff because of this alleged mismanagement. However, as Defendants correctly argue, any alleged tort claim arising out of an alleged breach of contract is precluded by the "gist of the action" doctrine. Doc. No. 33, FN4. *See also eToll, Inc. v. Alias/Savion Advertising, Inc.*, 811 A.2d 10 (Pa. Super. Ct. 2002). The "gist of the action doctrine" prohibits plaintiffs from re-casting ordinary breach of contract claims into tort claims. 811 A.2d at 14.

Plaintiff argues that the Dunbar Center's Board of Directors had a fiduciary duty to Plaintiff as a creditor of the Dunbar Center. Doc. No. 66 (*citing In re Lemington Home for the*

*Aged*, 659 F.3d 282 (3d Cir. 2011). However, as the Court of Appeals in *Lemington* established, this is only true when the entity is insolvent. *Id.* Plaintiff does not argue that the Dunbar Center was insolvent or near insolvency - - in fact she pleads facts to state that she was the only creditor who was not being paid, doc. no. 29, p. 34. ("While Coulter was not being paid, other bills were paid in full."). Many allegations in her Amended Complaint also relate to the Dunbar Center's attempts to negotiate the repayment of the loan, albeit without interest, and with a revised repayment schedule, and to repay the loan in full. Doc. No. 29, pp. 27-28 (sometime in 2014, the Dunbar Center offered a bulk payment of $5,000 and repayment of $500 per month thereafter), and p. 15 (the Dunbar Center sent a check for the entire $50,000 "principal" to Coulter's Post Office Box in Philadelphia in Summer 2015). Under the circumstances described in Plaintiff's Amended Complaint, the Dunbar Center Board of Directors had no fiduciary duty to Plaintiff as a creditor during the relevant time period.

Accordingly, Plaintiff has failed to set forth an actionable claim for mismanagement of the Dunbar Center and Defendants' Motions to Dismiss will be GRANTED as to this claim.

*E. Fraud*

Federal Rule of Civil Procedure 9 requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Under Pennsylvania law, a plaintiff alleging fraud must prove the following elements (1) a misrepresentation; (2) a fraudulent utterance of the misrepresentation; (3) the maker's intent that the recipient be induced by the misrepresentation to act; (4) the recipient's justifiable reliance on the misrepresentation; and (5) damage to the recipient proximately caused. *Sevin v. Kelshaw*, 611 A.2d 1232 (Pa. Super. Ct. 1992).

The Court of Appeals directed that this Court should consider whether Plaintiff had adequately pled a claim for fraudulent inducement after the Parties had an opportunity to brief the issue. Doc. No. 50-1. A claim for fraudulent inducement requires (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance. *Eigen v. Textron Lycoming Reciprocating Engine Div.*, 874 A.2d 1179, 1185 (Pa. Super. Ct. 2005).

Plaintiff made vague allegations that she was misled into making the $50,000 interest-free loan to the Dunbar Center because she was "convinced that Dunbar was facing 'cash flow' problems[,]" and that the loan "would be used to cover the [Dunbar] Center's standard operating expenses which were being neglected simply because those operating funds (from United Way, etc.), were instead being used to cover for the highly tardy reimbursements for the meals program." Doc. No. 29, p. 9. Although she alleges vaguely to "deceptions related to the source of [Dunbar's] supposed cash flow problems[,]" Plaintiff never alleges in the Amended Complaint that the Dunbar Center was not actually facing "cash flow problems" nor that the "highly tardy reimbursements for the meals program" was not a source of some of the "cash flow problems."

Rather, Plaintiff's Amended Complaint focuses on the use of the loan funds following the disbursal to the Dunbar Center. The "fraud" as stated by Plaintiff, was in the Dunbar Center's use of the funds to (1) pay executive and staff salaries, doc. no. 29, p. 29; (2) purchase new storage cabinets and bookshelves, *id.*, p. 16; (3) pay for an "enhanced Holiday Party" rather than the typical celebration, *id.*, p. 17; (4) pay staff for additional hours worked, *id.*, p. 18; (5)

remodeling of kitchen cabinets, *id.*, p. 19; (6) ordering supplies online (instead of seeking the supplies from donors), *id.*, p. 20; and (7) expanding the Dunbar Center's Summer Program for children, *id.*, p. 21.

Plaintiff claims that these are not the "standard operating expenses" of the Dunbar Center for which she made the loan. However, Defendants correctly assert that whether or not the complained-of expenses are part of the Dunbar Center's "standard operations" is a matter of contract interpretation - - not fraud. Doc. No. 58, p. 8.

Plaintiff also seems to assert that the Dunbar Center's conduct in its attempts to negotiate the repayment of the loan or to pay her the full principal establishes a claim for fraud. However, this type of evidence is no admissible in federal court and does not set forth a plausible claim for fraud. *See* Fed. R. Evid. 408 (conduct or statements made in compromise negotiations are inadmissible).

Accordingly, Defendants' Motion to Dismiss Plaintiff's fraudulent inducement claim is GRANTED.

F.  *Civil Conspiracy*

A civil conspiracy may not exist without an underlying tort claim. *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 405-407 (3d Cir. 2000) (holding that a civil conspiracy claim is not independently actionable but rather establishes vicarious liability for the underlying tort). Because the Plaintiff has not set forth any actionable tort claims, she therefore has not set forth a claim for civil conspiracy. Accordingly, Defendants' Motions to dismiss Plaintiff's civil conspiracy claims will be GRANTED.

IV.  **Conclusion**

12

For the reasons set forth, Defendants' Motions to Dismiss, doc. no. 57 and doc. no. 59, are GRANTED.  This case will proceed on Plaintiff's remaining claim for breach of contract against the Dunbar Center.  All other claims against Defendants are DISMISSED WITH PREJUDICE.  An appropriate Order will follow.

Typically, the Court allows a plaintiff to amend deficient pleadings unless doing so would be futile.  *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (" . . . a district court may exercise its discretion and deny leave to amend on the basis of . . . futility.").  However, Plaintiff has already amended her pleadings once and the legal insufficiency of the claims dismissed here leave no doubt that Plaintiff would not be able to cure her deficiencies regarding standing to assert a mismanagement claim, to overcome the "gist of the action doctrine," or to set forth an adequate claim for fraud and civil conspiracy.  The Court will deny Plaintiff leave to amend her pleadings a second time.

Finally, Plaintiff asserted that she "will, again, be asking for The Court's Recusal" citing the Court's "unreasonable and unrealistic time restraints" as evidence of bias in favor of Defendants, and "abuse of discretion."  Doc. No. 66, pp. 3-4.  To the extent that Coulter was making such motion in her Response to Defendants' Motions to Dismiss, it is DENIED.

SO ORDERED, this 12th day of July, 2017,

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge