IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEAN COULTER,

    Plaintiff,

v.

PAUL LAURENCE DUNBAR
COMMUNITY CENTER,

    Defendant.

16cv0125
**ELECTRONICALLY FILED**

**MEMORANDUM ORDER DENYING
PLAINTIFF'S MOTION TO AMEND THE FINDINGS PURSUANT TO RULE 52
AND RENEWED MOTION FOR RECUSAL (DOC. NO. 77)**

On July 12, 2017, the Court entered an Order dismissing all claims in Plaintiff Jean Coulter's Amended Complaint except for Plaintiff's claim for breach of contract against the Paul Laurence Dunbar Community Center ("Dunbar" or "Defendant"). Doc. No. 70. Now pending before the Court is Plaintiff's Motion to Amend the Findings Pursuant to Rule 52 (which seeks reconsideration of the Court's July 12, 2017 Order) and Renewed Motion for Recusal. Doc. No. 77.

### I. Plaintiff's Renewed Motion for Recusal

Title 28 U.S.C. § 455 sets forth the circumstances under which a judge of the United States shall recuse himself from a proceeding. The primary inquiry on a motion for recusal is whether the judge's impartiality might be questioned from the perspective of a "reasonable observer who is informed of all the surrounding facts and circumstances." *Cheney v. United States District Court for the District of Columbia*, 541 U.S. 913, 924 (2004). Recusal is rarely

justified based upon rulings made by the Court. *Liteky v. United States*, 510 U.S. 540, 554 (1994).

> In and of themselves (*i.e.,* apart from surrounding comments or accompanying opinion), [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.

*Id.* at 555.

Recusal is not required for a litigant's "dissatisfaction with District Court rulings." *In re Brown*, 623 Fed. App'x 575, 576 (3d Cir. 2015). Further, a litigant's accusations of bias which are "unsupported, irrational, or highly tenuous speculation" do not require recusal. *Id.*

Plaintiff has thrice asked this Court to recuse. *See* Doc. No. 25, Doc. No. 35, and Doc. No. 45. She also requested that the United States Court of Appeals for the Third Circuit assign her case to a different District Judge. Doc. No. 50-1, p. 8. Plaintiff, a sophisticated, serial litigator, has filed motions for recusal in at least twelve (12) of sixteen (16) other cases she has filed in federal courts. *See Coulter v. Forrest et al*, 10cv965-JFC-RCM (W.D. Pa.); *Coulter v. Ramsden et al*, 12cv978-CB-RCM (W.D. Pa.); *Coulter v. Ramsden et al*, 12cv1050-CB-RCM (W.D. Pa.); *Coulter v. Mahood et al*, 12cv1241-CB-RCM (W.D. Pa.); *Coulter v. Gale et al*, 12cv1461-CB-RCM (W.D. Pa.); *Coulter v. Doerr*, 11cv1201-CB-RCM (W.D. Pa.); *Coulter v. Allegheny County Bar Assoc., et al*, 12cv641-GLL-RCM (W.D. Pa.); *Coulter v. Studeny et al*, 12cv60-CB-RCM (W.D. Pa.); *Coulter v. Butler County CYS, et al*, 12cv338-CB-RCM (W.D. Pa.); *Coulter v. Lindsay et al*, 15cv289-CB (W.D. Pa.); *Coulter v. Paulisick et al*, 15cv937-JFC (W. D. Pa.); *Coulter v. Coulter*, 15cv967-CB (W.D. Pa.); *Coulter v. Forrest et al*, 12cv2050-JEJ (M.D. Pa.); *Coulter v. Jamsan Hotel Management, Inc., et al*, 15cv13355-RGS (D. Mass.);

*Coulter v. Bissoon et al*, 16cv1881-RGA-RCM (W.D. Pa.); *Coulter v. Tatananni et al*, 17cv629-RCM (W.D. Pa.).

Plaintiff has also previously complained of the "bias" of state court judges against her, citing that as her reason for filing state-law claims in federal court on the basis of diversity jurisdiction. Doc. No. 35. Plaintiff now complains that the Court's recent ruling dismissing some of the claims in her Amended Complaint constitutes "ample evidence of the Court's biases in favor of a group of defendants and in favor of a pre-determined result." Doc. No. 77, p. 6.

Once again, Plaintiff cites no supporting evidence other than her own unsubstantiated belief that the Court favors Defendants because of rulings made in their favor. *Id.* Plaintiff's unfounded mistrust of the judiciary is not a basis for recusal. Accordingly, Plaintiff's Renewed Motion for Recusal, the fifth request to disqualify this Court she has made during this litigation, is DENIED.

## II. Plaintiff's Motion for Reconsideration

A motion for reconsideration must rely on either: (1) intervening change in controlling law; (2) availability of new evidence that was not available when the Court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 678 (3d Cir. 1999)). Reconsideration motions may not be used to relitigate old matters or to present arguments or evidence that could have been raised prior to the entry of judgment. Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 2810.1.

Plaintiff's motion for reconsideration of the Court's dismissal of her claims focuses on the dismissal of her fraudulent inducement claim. Doc. No. 77. Plaintiff argues that the

dismissal of the fraud claim will harm the community of Butler. *Id.* Plaintiff seeks to convince the Court that, through her personal claim that Defendants fraudulently induced her into making a $50,000 loan to the Dunbar Center, Defendants would be liable to re-build and re-open the now-closed community center. *Id.*

These arguments focus on a potential remedy for the dismissed fraudulent inducement claim - - they do not set forth an intervening change in controlling law, the availability of new evidence that has not previously been submitted, or the need to correct a clear error of law or fact. *See Lazaridis*, 591 F.3d 666.

Plaintiff also argues that the Court of Appeals issued a "clear decision to the contrary" regarding her fraudulent inducement claim. Doc. No. 77. The merits of Plaintiff's fraudulent inducement claim were not at issue on appeal and therefore, the Court of Appeals did not issue a "clear decision" on it. As directed by the Court of Appeals, this Court provided the Parties with an opportunity to brief the merits of Plaintiff's claims in the Amended Complaint. Doc. No. 50-1, *citing Huber v. Taylor*, 532 F.3d 237 (3d Cir. 2008).

### III. Conclusion

For the reasons set forth above, Plaintiff's Motion to Amend the Findings Pursuant to Rule 52 and Renewed Motion for Recusal, doc. no. 77, is DENIED.

                                    SO ORDERED, this 14th day of August, 2017,

                                         s/Arthur J. Schwab
                                         Arthur J. Schwab
                                         United States District Judge