IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEAN COULTER,

        Plaintiff,

v.

PAUL LAURENCE DUNBAR
COMMUNITY CENTER ET AL,

        Defendants.

16cv0125
**ELECTRONICALLY FILED**

**MEMORANDUM OPINION RE: DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S REMAINING CLAIM FOR FAILURE TO PROSECUTE (DOC. NO. 80)**

### I.    Introduction

Plaintiff Jean Coulter ("Plaintiff" or "Coulter") initiated this action against the Paul Laurence Dunbar Community Center and several individual Defendants by filing a Complaint on February 1, 2016. Coulter is no stranger to the federal court system. As a sophisticated, serial litigator, Coulter has filed numerous cases in this District Court and has also filed cases in the Middle District of Pennsylvania, District of Massachusetts, and Southern District of New York.[1] Coulter is similarly familiar with the appellate process, having filed multiple appeals to the

---

[1] *See Coulter v. Forrest et al*, 10cv965-JFC-RCM (W.D. Pa.); *Coulter v. Ramsden et al*, 12cv978-CB-RCM (W.D. Pa.); *Coulter v. Ramsden et al*, 12cv1050-CB-RCM (W.D. Pa.); *Coulter v. Mahood et al*, 12cv1241-CB-RCM (W.D. Pa.); *Coulter v. Gale et al*, 12cv1461-CB-RCM (W.D. Pa.); *Coulter v. Doerr*, 11cv1201-CB-RCM (W.D. Pa.); *Coulter v. Allegheny County Bar Assoc., et al*, 12cv641-GLL-RCM (W.D. Pa.); *Coulter v. Studeny et al*, 12cv60-CB-RCM (W.D. Pa.); *Coulter v. Butler County CYS, et al*, 12cv338-CB-RCM (W.D. Pa.); *Coulter v. Lindsay et al*, 15cv289-CB (W.D. Pa.); *Coulter v. Paulisick et al*, 15cv937-JFC (W. D. Pa.); *Coulter v. Coulter*, 15cv967-CB (W.D. Pa.); *Coulter v. Forrest et al*, 12cv2050-JEJ (M.D. Pa.); *Coulter v. Jamsan Hotel Management, Inc., et al*, 15cv13355-RGS (D. Mass.); *Coulter v. Bissoon et al*, 16cv1881-RGA-RCM (W.D. Pa.); *Coulter v. Tatananni et al*, 17cv629-RCM (W.D. Pa.) (originally filed at 17cv2800 (S.D.N.Y.).

United States Court of Appeals for the Third Circuit, the United States Court of Appeals for the First Circuit, and at least two petitions for *certiorari* to the United States Supreme Court, Nos. 13-3607 (*denied*) and 14-1316 (*denied*).[2]

Thus, Coulter has more than seven (7) years of litigating experience in federal court, making her familiar with the rules and procedures of the courts. Further, in the instant case, Coulter has been reminded several times of the importance of timely complying with Orders of Court to ensure the efficient and fair resolution of this matter - - that she chose to file in federal court. *See* Doc. No. 68 (granting Defendant's Motion to Compel Plaintiff's Compliance with a scheduling order requiring her to meet and confer with Defendants pursuant to Fed. R. Civ. P. 26 and reminding Plaintiff of her obligation to timely comply with Court Orders, file required pleadings, and to prosecute her case); Doc. No. 27 (noting that the Court's scheduling orders setting deadlines are not evidence of bias against Plaintiff or any party, but are within the Court's authority and duty to manage each case in accordance with Federal Rule of Civil Procedure 1 - - to ensure the "just, speedy, and inexpensive determination of every action and proceeding").

**II.      Procedural History and the Instant Motion**

Plaintiff initiated this action by filing a Complaint against Defendants on February 1, 2016. Doc. No. 1. After Defendants filed Motions to Dismiss (doc. nos. 10 and 17), Plaintiff filed an Amended Complaint alleging that Defendants (1) breached a contract or an implied contract to repay a $50,000.00 loan Plaintiff made to Defendant Paul Laurence Dunbar Community Center (the "Dunbar Center") in July 2013; (2) were negligent in the management of the Dunbar Center; (3) fraudulently induced Plaintiff into providing the loan; and (4) engaged in fraud and a civil conspiracy in the failure to repay the loan to Plaintiff. Doc. No. 29 and Doc.

---

[2] *See* C.A. No. 11-4564 (3d Cir.); C.A. No. 13-1077 (3d Cir.); C.A. No. 13-1078 (3d Cir.); C.A. No. 13-1079 (3d Cir.); C.A. No. 12-1864 (3d Cir.); C.A. No. 12-2988 (3d Cir.); C.A. No. 12-4464 (3d Cir.); C.A. No. 12-3931 (3d Cir.); C.A. No. 15-2144 (3d Cir.); C.A. No. 14-1556 (3d Cir.); and C.A. No. 16-1333 (1st Cir.).

No. 50-1 (United States Court of Appeals Opinion finding that a liberal interpretation of Plaintiff's Amended Complaint includes a claim for fraudulent inducement). The Dunbar Center entered a Notice of Offer of Judgment in the amount of "$59,000.00 inclusive of interest, if any, plus costs accrued to the date of th[e] offer" on February 29, 2016 - - more than the full amount of the loan at issue as stated in the Amended Complaint. Doc. No. 2.

On March 29, 2016, Defendants filed a Motion to Dismiss the Amended Complaint, which the Court granted, finding that Plaintiff had failed to adequately plead most of her claims and that the Court lacked jurisdiction over Plaintiff's remaining breach of contract claim because it did not satisfy the amount in controversy requirement for the Court to exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332. Doc. No. 43. The Court dismissed Plaintiff's breach of contract claim without prejudice and directed that it should be filed in state court. Doc. No. 43. Plaintiff appealed the dismissal to the United States Court of Appeals for the Third Circuit, which vacated the dismissals and "remand[ed] for the District Court to consider in the first instance whether [Plaintiff's] claims satisfied the amount in controversy requirement as of the filing of her complaint [including amounts associated with claims that were ultimately dismissed]." Doc. No. 50-1. On May 24, 2017, this Court entered a Text Order, finding that the amount in controversy and diversity jurisdiction was established by the record and ordering Defendants to respond to the Amended Complaint. Doc. No. 51.

Defendants filed renewed Motions to Dismiss Plaintiff's Amended Complaint in its entirety, except for the breach of contract claim asserted against the Dunbar Center. Doc. No. 57 and Doc. No. 59.

The Court again found that Plaintiff had not adequately pled her negligent mismanagement, fraudulent inducement, and civil conspiracy claims and dismissed all claims

against all Defendants except for the breach of contract claim against the Dunbar Center for the unpaid $50,000 loan.[3] Doc. No. 69. In the interim, the Court directed the parties to meet and confer in accordance with Fed. R. Civ. P. 26 and the Local Rules, and to submit the Rule 26(f) Report, ADR Stipulation, and a proposed case management order in advance of the initial case management conference. Doc. No. 68 (granting Defendants' motion to compel Plaintiff's compliance, rescheduling the initial case management conference, and directing Plaintiff to comply with the previous order setting the case management conference, doc. no. 52, and to file the required documents, after she failed to meet with Defendants or respond to their correspondence).

Plaintiff then filed the required Rule 26(f) Report, a Proposed Case Management Order, and the ADR Stipulation as directed. Doc. No. 71, Doc. No. 72, Doc. No. 74. The Court struck the ADR Stipulation and ordered the Parties to refile it with the required date of the ADR session and the names and titles of all persons who would attend. Doc. No. 73. Defendant's Counsel re-filed the ADR Stipulation. Doc. No. 75. Plaintiff then filed a motion to reconsider the dismissal of all claims except her breach of contract claim, along with her fourth motion for recusal. Doc. No. 77. The Court denied Plaintiff's motions by Memorandum Order filed August 14, 2017. Doc. No. 79.

The Initial Case Management Conference was rescheduled for August 16, 2017 at 9:00 AM. Doc. No. 68. Defense Counsel appeared at the conference, but Plaintiff failed to appear. *See* Text Minute Entry, 08/16/2017. Plaintiff did not file any motion seeking a continuance of the initial case management conference, nor did she contact the Court or Defense Counsel to

---

[3] Plaintiff's Amended Complaint indicates that the Dunbar Center attempted to repay the loan, in full, at least once prior to the initiation of this lawsuit, but that payment was not accepted by Plaintiff. Doc. No. 29, pp. 27-28 (sometime in 2014, the Dunbar Center offered a bulk payment of $5,000 and $500 per month thereafter), and p. 15 (the Dunbar Center sent a check for the entire $50,000 "principal" [sic] to Coulter's Post Office Box in Philadelphia in Summer 2015).

offer an explanation for her failure to appear. *Id.* Defense Counsel indicated that he had been in contact with Plaintiff, and met with her as required by the Court's Order at Doc. No. 68, but that Plaintiff had not responded to his subsequent attempts to contact her. *Id.*

Defendant filed a Motion to Dismiss for Lack of Prosecution on the same date. Doc. No. 80. The Court set Plaintiff's response for August 24, 2017. Doc. No. 82. Plaintiff did not file a response by August 24, 2017 and has not filed any response to date. She instead filed notice of an interlocutory appeal of the Court's Order dismissing all claims except for her breach of contract claim on August 25, 2017. Doc. No. 84.

Defendant's Motion to Dismiss Plaintiff's Remaining Claim for Failure to Prosecute and Motion for Reasonable Attorney Fees and Costs incurred in preparing for and attending the Initial Case Management Conference and for preparation of the instant motion is now pending before the Court. Doc. No. 80. For the reasons that follow, the motion will be GRANTED, Plaintiff's remaining claim will be DISMISSED, and attorney fees in the amount of $1,632.50 and costs totaling $90.86 will be awarded to Defendant.

**III.     Legal Standards**

Rule 41(b) of the Federal Rules of Civil Procedure provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Federal courts have the inherent authority to control their dockets and may dismiss a case as a sanction for failure to follow procedural rules or court orders. *See Ogilvie v. Tore*, 2016 WL 3659943 (W.D. Pa. July 1, 2016) (*citing Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013)).

Dismissal is a severe sanction reserved only for cases where there is a "clear record of delay or contumacious conduct by the plaintiff." *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d

863, 866 (3d Cir. 1984). The Court must consider the six (6) factors set forth in *Poulis* before dismissing a case for failure to prosecute, which are:

(1) the extent of the party's personal responsibility;

(2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

(3) a history of dilatoriness;

(4) whether the conduct of the party or the attorney was willful or in bad faith;

(5) the effectiveness of sanctions other than dismissal; and

(6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868.

The Court must consider each of these factors, but not all six (6) factors must weigh in favor of dismissal before dismissal is warranted. *Hall v. Lombardo*, 2017 WL 3142098 (W.D. Pa. June 12, 2017) (*citing Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

Rule 16 of the Federal Rules of Civil Procedure requires the Court to impose reasonable attorney fees and costs incurred because of a party's noncompliance with the Court's case management orders, "unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

**IV. Discussion**

*1. Plaintiff is Solely Responsible for Her Failure to Comply with the Court's Orders*

Plaintiff represents herself, *pro se*, in this action, and, therefore, is solely responsible for compliance with the Court's orders. The Court reminded Plaintiff of her duty to comply with orders, the rules of procedure, and of her ultimate burden to prove her case in a recent Order compelling her compliance by prior Order of the Court on July 7, 2017. Doc. No. 68.

6

### 2. *Plaintiff's Conduct Has Unfairly Prejudiced the Dunbar Center*

Plaintiff's failure to attend the initial case management conference, and her apparent decision that her lack of attendance does not need to be explained or remedied in any way, is clearly prejudicial to Defendant - - Defense Counsel must attempt to shape a litigation strategy and map a course forward without the benefit of discussing any of the case management issues with the Court, because of Plaintiff's failure to participate. Defense Counsel is unable to provide his client with any reasonable expectation of how the case will proceed, because none of the important functions of the initial case management conference have been accomplished - - namely, setting deadlines for summary judgment motions, setting the parameters of and deadlines for discovery, and setting a trial date. Further, the Court has been unable to enter its standard orders intended to assist the parties with preparing to engage in a meaningful ADR session, as required by the Local Rules, so that they have the best possible chance for an early resolution of this matter.

### 3. *Plaintiff has a History of Dilatoriness in this Action*

Plaintiff's failure to comply with orders of the Court range from the merely troublesome to serious violations that have caused prejudice to Defendant and disrupted the efficient processing of this case. *See* Doc. No. 27, FN 1 (discussing Plaintiff's failure to register for the Court's ECF system as ordered - - which Plaintiff has still not done - - as many *pro se* litigants are so ordered in this District so that they may receive prompt electronic notification of case filings); Text Order of 03/16/2016 (granting Plaintiff's out of time Motion for Extension to file a response, but warning that further extensions would not be granted); Doc. Nos. 37 and 39 (after being granted one extension that was requested out of time and despite being warned that further extensions of time for filings would not be granted, Plaintiff waited until the day her response

was due to seek an extension of time to file, and failed to provide good cause for being unable to file within the time allotted); and Doc. No. 68 (upon motion of the Defendant, the Court had to compel Plaintiff to comply with the Court's order setting the initial case management conference and requiring the parties to meet and confer pursuant to Fed. R. Civ. P. 26).

While the Court declined to impose sanctions on Plaintiff for her previous failures to comply with Orders, Plaintiff was duly warned that "[f]urther dilatory or contumacious conduct by Plaintiff may result in the imposition of sanctions, including the dismissal of this case with prejudice." Doc. No. 68. Further, Plaintiff has been instructed repeatedly throughout this litigation that the Court intended to manage this case, as it manages all cases on its docket, in accordance with the mandate of Rule 1 of the Federal Rules of Civil Procedure that requires that all matters be determined in a "just, speedy, and inexpensive" manner. Plaintiff has resisted the just and efficient processing of this case from the outset and her conduct has repeatedly delayed this proceeding and resulted in more time and expense for Defendants.

### 4. *Plaintiff's Conduct Shows Bad Faith*

As discussed in Section 3, *supra*, Plaintiff's poor course of conduct throughout this litigation has repeatedly delayed the case and prejudiced Defendants. Plaintiff's vast experience with litigation in the federal courts, particularly within the Western District of Pennsylvania, leaves no argument that Plaintiff is unfamiliar with the rules of procedure. Not only did Plaintiff fail to attend the initial case management conference on August 16, 2017, she has failed to ever provide an explanation for her non-appearance and failed to file any response to this Motion to Dismiss her case for failure to prosecute. Instead, Plaintiff filed an interlocutory notice of appeal. Doc. No. 84. Bad faith is established by Plaintiff's conduct.[4]

---

[4] Plaintiff has good reason to understand the seriousness of her failure to attend the initial case management conference as ordered. In a prior matter, 12cv1050 before the Honorable Judge Cathy Bissoon, Plaintiff failed to

### 5. Alternative Sanctions Have Proven Ineffective

As noted, the Court has refrained from sanctioning Plaintiff's previous dilatory conduct, but she was given a strong warning after her last failure to comply with an Order of the Court that she would not escape sanctions, up to and including dismissal with prejudice, for further dilatory or contumacious conduct. Doc. No. 68. Admonishments by the Court to follow the rules of procedure and comply with Court orders have been insufficient to provoke Plaintiff's adherence to the rules. Dismissal is warranted after considering the warnings and reminders provided to Plaintiff regarding her conduct.

### 6. Plaintiff's Breach of Contract Claim is Not Likely to Survive Summary Judgment

Plaintiff's breach of contract claim against the Dunbar Center is based upon the alleged failure of the Dunbar Center to repay an interest-free $50,000 loan. *See* Doc. No. 29 and Doc. No. 1-1 (Loan Agreement attached to Plaintiff's original Complaint clearly indicating that the loan was to be "INTEREST FREE" (emphasis in original)). Plaintiff's Amended Complaint sets forth factual allegations indicating that the Dunbar Center attempted to repay the loan in full, but that Plaintiff refused to accept the check sent to her. Doc. No. 29, p. 15. Defendant asserts that it will raise this issue of full performance at the summary judgment stage of this case. Doc. No. 81, p. 6. Under these circumstances, Plaintiff's breach of contract claim lacks merit and this factor weighs in favor of dismissal.

### 7. Defendant's Reasonable Attorney Fees

Defendant submitted an Affidavit verifying that Counsel spent close to eight (8) hours of attorney time preparing for the initial case management conference, attending said conference, and preparing the instant Motion to Dismiss for Failure to Prosecute, doc. no. 80. Doc. No. 83.

---

appear as ordered at a show cause hearing. 12cv1050, doc. no. 15. As a result, judgment was entered against Plaintiff in the case and she was warned that failure to comply with orders of court will result in the imposition of sanctions. 12cv1050, doc. no. 33.

Defense Counsel's billing rates, $225.00 per hour for attorney John M. Steidle and $200.00 per hour for attorney Kenneth N. Schott, are eminently reasonable, with a total fee amount of $1,632.50. *Id.* Costs of $90.86 related to the research expenses associated with these events are also reasonable. Plaintiff has failed to provide *any* justification for her failure to appear at the initial case management conference and, accordingly, these fees and costs are warranted and shall be awarded to Defendant.

### V.     Conclusion

Accordingly, Defendant's Motion to Dismiss Plaintiff's Remaining Claim for Failure to Prosecute, doc. no. 80, is GRANTED. Plaintiff's breach of contract claim against Defendant Paul Laurence Dunbar Community Center will be DISMISSED WITH PREJUDICE. Defendant is awarded reasonable attorney fees in the amount of $1,632.50 and costs incurred in the amount of $90.86. The Clerk shall mark this case CLOSED. An appropriate Order shall follow.

s/Arthur J. Schwab<br>
Arthur J. Schwab<br>
United States District Judge